**Kevin KERR, aka Allah, aka Noble Ali, Plaintiff–Appellant,**

v.

**Craig Fuquay BEY, Defendant–Appellee.**

No. 03–2234.

United States Court of Appeals, Sixth Circuit.

June 9, 2004.

Rehearing Denied Aug. 11, 2004.

Kevin Kerr, Springfield, MO, pro se.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.*

## ORDER

Kevin Kerr, aka Allah, aka Noble Ali, a pro se federal prisoner, appeals a district court judgment dismissing his civil action filed pursuant to 28 U.S.C. § 1331. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Kerr sued Craig Fuquay Bey, the grand sheik of the Moorish Science Temple of America. Kerr is currently incarcerated at the United States Medical Center for federal prisoners in Springfield, Missouri. Kerr alleged that Bey: 1) opposed the execution of the divine covenant of the Moorish Science Temple; 2) opposed the execution of public law; 3) aided in the administration of mind altering substances to Moorish Americans; 4) enforced statutes designed to prevent the birth and to cause the death of Moorish Americans; 5) aided in the distribution of toxic substances to the American people; 6) failed to enforce the laws of the Moorish Science Temple; 7) violated the Temple's divine constitution and bylaws; 8) refused to recognize Kerr's nationality and creed; 9) caused confusion aimed at overthrowing the government; 10) failed to become a part of the uplifting acts of the Moorish Science Temple; and 11) caused Kerr's unlawful detention for controlled substance. The district court dismissed the complaint for failing to state a claim for which relief may be granted.

On appeal, Kerr asserts that the district court erred in construing his complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Kerr states that because Bey's actions were under color of federal law and that the church is an incorporated religious organization, he stated grounds for relief.

Kerr states that he filed his complaint under § 1331 and not under *Bivens.* The district court construed the complaint under *Bivens* as Kerr refers to *Bivens* under the jurisdiction portion of his complaint. The fact that the complaint was construed under *Bivens* rather than § 1331 is of no consequence to the ultimate dismissal of the complaint. Construing the complaint under § 1331, as requested by Kerr, the complaint was properly dismissed. District courts have original jurisdiction covering cases "arising under the Constitu-

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

tion, laws, or treaties of the United States." 28 U.S.C. § 1331. A complaint falls within the district court's original jurisdiction when the complaint raises issues of federal law. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

Kerr's allegations do not establish that Bey violated the Constitution, laws, or treaties of the United States. Kerr's complaint essentially concerns his perceived violations of church doctrine by Bey. Whether or not Bey engaged in any of the alleged activities is irrelevant because the allegations do not establish issues regarding federal law. Therefore, the district court did not err in dismissing Kerr's complaint.

Kerr contends that Bey was "acting under color of federal law." However, the record does not establish that Bey is an officer or employee of the United States. Further, the fact that the Moorish Science Temple of America is an incorporated entity does not establish a federal cause of action under § 1331.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.